# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN GILLEN STARR, | 1:11-cv-02108-AWI-GSA-PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED |
| v. | |
| A. TREVINO, M.D., et al., | (Doc. 4.) |
| Defendants. | OBJECTIONS, IF ANY, DUE IN THIRTY DAYS |

**I.     BACKGROUND**

Robin Gillen Starr ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on December 22, 2011.  (Doc. 1.)  Plaintiff also filed a motion for preliminary injunctive relief on December 22, 2011.  (Doc. 4.)  Plaintiff's motion is now before the court.

**II.    PRELIMINARY INJUNCTIVE RELIEF**

The purpose of a preliminary injunction is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined.  University of Texas v. Camenisch, 451 U.S. 390, 395 (1981).  A preliminary injunction is available to a plaintiff who "demonstrates either (1) a combination of probable success and the possibility of irreparable harm, or (2) that serious

1

1  questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air
2  Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987).  Under either approach the plaintiff "must
3  demonstrate a significant threat of irreparable injury." Id.  Also, an injunction should not issue if the
4  plaintiff "shows no chance of success on the merits." Id.  At a bare minimum, the plaintiff "must
5  demonstrate a fair chance of success of the merits, or questions serious enough to require litigation."
6  Id.

7  Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must
8  have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103
9  S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and
10 State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d
11 1118, 1126 (9th Cir. 2006).  If the court does not have an actual case or controversy before it, it has
12 no power to hear the matter in question. Id.  Thus, "[a] federal court may issue an injunction [only]
13 if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may
14 not attempt to determine the rights of persons not before the court." Zepeda v. United States
15 Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985).

16 On January 19, 2012, February 15, 2012, and April 6, 2012, Plaintiff requested leave to file
17 an amended complaint. (Docs. 10, 14, 18.) On January 23, 2012, February 16, 2012, and April 19,
18 2012, the Court informed Plaintiff that under Rule 15(a), he may amend the complaint once, without
19 leave of court, at any time before a responsive pleading is served. (Docs. 11, 15, 23.) On June 26,
20 2012, Plaintiff was granted thirty days in which to amend the complaint, and to date Plaintiff has not
21 filed an amended complaint. (Doc. 23.) Therefore, at this juncture, the Court does not yet have
22 before it an actual case or controversy.

23 Moreover, the injunctive relief requested by Plaintiff is not available in this § 1983 action.
24 Plaintiff requests a temporary restraining order releasing him or correcting sentencing errors. When
25 a prisoner challenges the legality or duration of his custody, or raises a constitutional challenge
26 which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus.
27 Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), cert.
28 denied 11 S.Ct. 1090 (1991).  Since Plaintiff's motion plainly challenges his conviction and

1 sentence, Plaintiff's sole federal remedy is a writ of habeas corpus, not a § 1983 action, and therefore
2 his motion must be denied.

### III.    CONCLUSION AND RECOMMENDATION

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion for preliminary injunctive relief, filed on December 22, 2011, be DENIED.

These findings and recommendation are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty days after being served with these findings and recommendation, Plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **July 16, 2012**               /s/ **Gary S. Austin**
                                    UNITED STATES MAGISTRATE JUDGE