# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN GILLEN STARR, | 1:11-cv-02108-AWI-GSA-PC |
| Plaintiff, | |
| vs. | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (Doc. 9.) |
| CDCR, | |
| Defendant. | |

**I. BACKGROUND**

Robin Gillen Starr ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on December 22, 2011, together with a motion for appointment of counsel. (Docs. 1, 3.) On December 29, 2011, the Court denied Plaintiff's motion for appointment of counsel. (Doc. 6.) On January 13, 2012, Plaintiff filed a motion for reconsideration of the Court's order. (Doc. 9.)

**II. MOTION FOR RECONSIDERATION**

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks

1  and citation omitted).  In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff
2  to show "what new or different facts or circumstances are claimed to exist which did not exist or
3  were not shown upon such prior motion, or what other grounds exist for the motion."

4      "A motion for reconsideration should not be granted, absent highly unusual circumstances,
5  unless the district court is presented with newly discovered evidence, committed clear error, or if
6  there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma
7  GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted,
8  and "[a] party seeking reconsideration must show more than a disagreement with the Court's
9  decision, and recapitulation . . . " of that which was already considered by the Court in rendering its
10 decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

11     Plaintiff's one-page motion is rambling and incoherent.  Plaintiff has not demonstrated that
12 the Court committed clear error, or presented the Court with new information of a strongly
13 convincing nature, to induce the Court to reverse its prior decision.  Therefore, the motion for
14 reconsideration shall be denied.

15 **III.**  **CONCLUSION**
16     Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for
17 reconsideration, filed on January 13, 2012, is DENIED.

18
19     IT IS SO ORDERED.
20     **Dated:**  **July 31, 2012**         **/s/ Gary S. Austin**
                                       UNITED STATES MAGISTRATE JUDGE
21
22
23
24
25
26
27
28