1
2
3
4
5
6
7
8            **UNITED STATES DISTRICT COURT**

9                  EASTERN DISTRICT OF CALIFORNIA

10

11   ROBIN GILLEN STARR,                     1:11-cv-02108-AWI-GSA-PC

12             Plaintiff,

13        vs.                                ORDER DENYING PLAINTIFF'S MOTION
                                             FOR RECONSIDERATION
14   CDCR,                                   (Doc. 52.)

15             Defendant.
   _____/
16

17   **I.      BACKGROUND**

18        Robin Gillen Starr ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action

19   pursuant to 42 U.S.C. § 1983.  On November 8, 2012, Plaintiff filed objections to the undersigned's

20   Court orders of October 4, 2012 and October 9, 2012, denying Plaintiff's motion for reconsideration

21   and granting Plaintiff thirty days in which to file an amended complaint, respectively.  (Doc. 52.)

22   The Court considers Plaintiff's objection as a motion for reconsideration of the orders.

23   **II.     MOTION FOR RECONSIDERATION**

24        Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies

25   relief.  Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice

26   and is to be utilized only where extraordinary circumstances . . ." exist.  Harvest v. Castro, 531 F.3d

27   737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted).  The moving party "must

28   demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks

                                             1

and citation omitted).  In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).

Plaintiff has not shown clear error or other meritorious grounds for relief, and has therefore not met his burden as the party moving for reconsideration.  Marlyn Nutraceuticals, Inc., 571 F.3d at 880.  Plaintiff's disagreement is not sufficient grounds for relief from the Court's orders. Westlands Water Dist., 134 F.Supp.2d at 1131.

**III.  CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration, filed on November 8, 2012, is DENIED.


IT IS SO ORDERED.

**Dated:   November 13, 2012**            _____/s/ **Gary S. Austin**_____
UNITED STATES MAGISTRATE JUDGE