# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN GILLEN STARR, | 1:11-cv-02108-AWI-GSA-PC |
| Plaintiff, | |
| vs. | ORDER IN RESPONSE TO PLAINTIFF'S OBJECTIONS |
| CDCR, | (Doc. 54.) |
| Defendant. | |

Robin Gillen Starr ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. On November 29, 2012, Plaintiff filed objections which are largely rambling and incoherent. (Doc. 54.) However, Plaintiff asserts in the objections that he did not consent to the jurisdiction of a Magistrate Judge, and he requests the court to "Please send proof of my consent!" To the extent that Plaintiff is objecting to the Magistrate Judge's orders because he did not consent to Magistrate Judge jurisdiction, the court makes this response.

Plaintiff is correct that he did not consent to the jurisdiction of a Magistrate Judge in this action. On January 10, 2012, Plaintiff declined the jurisdiction of a Magistrate Judge, and on January 13, 2012, District Judge Anthony W. Ishii was assigned as presiding judge in this action. (Doc. 7.) However, a party's decision to decline Magistrate Judge jurisdiction has no effect on the referral of a case to a Magistrate Judge, made pursuant to 28 U.S.C. § 636 and Local Rule 302, for non-dispositive matters and for the issuance of findings and recommendations on dispositive motions.

28 U.S.C. § 636(b)(1) provides that:

(A) a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief may be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

(B) a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion, excepted in subparagraph (A), of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement.

This matter was referred to the undersigned pursuant to section 636 and Local Rule 302.

Plaintiff's objections to the issuance of orders by the undersigned are without merit, because his decision to decline Magistrate Judge jurisdiction does not effect the referral of this case to the undersigned for non-dispositive matters.

This order resolves Plaintiff's objections filed on November 29, 2012.

IT IS SO ORDERED.

Dated:  **December 13, 2012**                    /s/ **Gary S. Austin**
                                                        UNITED STATES MAGISTRATE JUDGE