# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN GILLEN STARR, | 1:11-cv-02108-AWI-GSA-PC |
| Plaintiff, | FINDINGS AND RECOMMENDATION, RECOMMENDING THAT PLAINTIFF'S MOTIONS FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED |
| v. | |
| CDCR, et al., | (Docs 27, 37.) |
| Defendants. | OBJECTIONS, IF ANY, DUE IN THIRTY DAYS |

**I. BACKGROUND**

Robin Gillen Starr ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on December 22, 2011. (Doc. 1.) On January 23, 2013, the Court entered an order dismissing the Complaint for failure to state a claim and violation of Rules 8 and 18, with leave to amend. (Doc. 56.)

On July 18, 2012 and August 28, 2012, Plaintiff filed motions for preliminary injunctive relief. (Docs. 27, 37.)

**II. PRELIMINARY INJUNCTIVE RELIEF**

Plaintiff has filed motions for a preliminary injunction and a temporary restraining order, requesting the Court to order Defendants to expunge inmates' records that qualify, stop double

1

1  jeopardy, stop giving heavier penalties than laws allow, stop slander and slavery under the law,
2  reverse all priors and strikes, restrain defendants from blocking inmate access to courts, and order
3  the release of inmates.
4  　　　The purpose of a preliminary injunction is to preserve the status quo if the balance of equities
5  so heavily favors the moving party that justice requires the court to intervene to secure the positions
6  until the merits of the action are ultimately determined. University of Texas v. Camenisch, 451 U.S.
7  390, 395 (1981). A preliminary injunction is available to a plaintiff who "demonstrates either (1)
8  a combination of probable success and the possibility of irreparable harm, or (2) that serious
9  questions are raised and the balance of hardship tips in its favor." Arcamuzi v. Continental Air
10 Lines, Inc., 819 F. 2d 935, 937 (9th Cir. 1987). Under either approach the plaintiff "must
11 demonstrate a significant threat of irreparable injury." Id. Also, an injunction should not issue if the
12 plaintiff "shows no chance of success on the merits." Id. At a bare minimum, the plaintiff "must
13 demonstrate a fair chance of success of the merits, or questions serious enough to require litigation."
14 Id.
15 　　　Federal courts are courts of limited jurisdiction, and as a preliminary matter, the court must
16 have before it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103
17 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and
18 State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d
19 1118, 1126 (9th Cir. 2006). If the court does not have an actual case or controversy before it, it has
20 no power to hear the matter in question. Id. Thus, "[a] federal court may issue an injunction [only]
21 if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may
22 not attempt to determine the rights of persons not before the court." Zepeda v. United States
23 Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985).
24 　　　By separate order, the Court dismissed Plaintiff's Complaint for failure to state a claim and
25 violation of Rules 8 and 18. (Doc. 56.) Plaintiff has been granted leave to file an amended
26 complaint within thirty days. Id. Therefore, at this juncture, the Court does not have before it an
27 actual case or controversy, nor does the Court have jurisdiction over any of the Defendants in this
28 ///

action.  Zepeda, 753 F.2d at 727.  Accordingly, Plaintiff's motions for preliminary injunctive relief must be denied.

### III.    CONCLUSION AND RECOMMENDATION

Based on the foregoing, the Court **HEREBY RECOMMENDS** that Plaintiff's motions for preliminary injunctive relief, filed on July 18, 2012 and August 28, 2012, be DENIED.

These findings and recommendation are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty days after being served with these findings and recommendations, Plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:** **January 29, 2013**           /s/ **Gary S. Austin**
                                         UNITED STATES MAGISTRATE JUDGE