# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN GILLEN STARR,<br><br>    Plaintiff,<br><br> v.<br><br>CDCR, et al.,<br><br>    Defendants.<br>_____/ | 1:11-cv-02108-AWI-GSA-PC<br><br>ORDER DENYING MOTIONS FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT AS PREMATURE<br>(Docs. 38, 40, 50.) |

**I. BACKGROUND**

Robin Gillen Starr ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on December 22, 2011. (Doc. 1.) The Court screened the Complaint pursuant to 28 U.S.C. § 1915A and entered an order on January 23, 2013, dismissing the Complaint for failure to state a claim and for violations of Rules 8 and 18, with leave for Plaintiff to file a First Amended Complaint within thirty days. (Doc. 56.)

On August 28, 2012, September 5, 2012, and October 29, 2012, Plaintiff filed motions for entry of default and default judgment. (Docs. 38, 40, 50.)

**II. ENTRY OF DEFAULT AND DEFAULT JUDGMENT**

Entry of default is appropriate as to any party against whom a judgment for affirmative relief is sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure and where that failure is shown by affidavit or otherwise. See Fed. R. Civ. P. 55(a). Rule 12 of the Federal Rules of Civil Procedure provides, "[A] defendant must serve an answer within

1

21 days after being served with the summons and complaint; or if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent." Fed. R. Civ. P. 12(a)(1)(A). Under Rule 4(d), a defendant may waive service of a summons by signing and returning a waiver of service. Fed. R. Civ. P. 4(d). If a defendant fails to plead or otherwise defend an action after being properly served with a summons and complaint, a default judgment may be entered pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

Plaintiff argues that default should be entered against Defendants because they were served and have failed to answer or defend. Plaintiff has not submitted any evidence in support of his motion, and according to the Court's record, Plaintiff's motion is premature. The Court's record contains no evidence that any of the Defendants have been served in this action. (Court Record.)

Because Plaintiff is proceeding in forma pauperis, the Court will, *sua sponte*, direct the United States Marshal to serve the complaint after the court has screened the complaint and determined that the complaint contains cognizable claims for relief against the named defendants. In this action, the Court screened Plaintiff's Complaint and issued a separate order dismissing the Complaint for failure to state a claim and for violation of Rules 8 and 18, with leave for Plaintiff to file an amended complaint. After Plaintiff files the amended complaint, the Court is required to conduct another screening pursuant to 28 U.S.C. § 1915A to determine if Plaintiff states any cognizable claims. Therefore, Plaintiff's motions for entry of default and default judgment are premature and shall be denied as such.

### III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's motions for entry of default and default judgment, filed on August 28, 2012, September 5, 2012, and October 29, 2012, are DENIED as premature.

IT IS SO ORDERED.

Dated:   **January 29, 2013**            /s/ **Gary S. Austin**
                                   UNITED STATES MAGISTRATE JUDGE