# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN GILLEN STARR, | 1:11-cv-02108-AWI-GSA-PC |
| Plaintiff, | ORDER FOR CLERK TO DETACH SUPPLEMENTAL COMPLAINT FROM PLAINTIFF'S MOTION TO COMPEL AND LODGE IT AS A SEPARATE DOCUMENT (Doc. 30.) |
| v. | |
| CDCR, et al., | |
| Defendants. | ORDER STRIKING SUPPLEMENTAL COMPLAINT LODGED ON JULY 27, 2012 |

**I.  BACKGROUND**

Robin Gillen Starr ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on December 22, 2011. (Doc. 1.) The Court screened the Complaint pursuant to 28 U.S.C. § 1915A and entered an order on January 23, 2013, dismissing the Complaint for failure to state a claim and for violations of Rules 8 and 18, with leave for Plaintiff to file a First Amended Complaint within thirty days. (Doc. 56.)

On July 27, 2012, Plaintiff filed a motion to compel, which was docketed by the Clerk as Document 30 on the court record. (Doc. 30.) Upon recent review of the motion to compel, the Court discovered that Plaintiff had also submitted a proposed supplemental complaint on July 27, 2012, which was attached to the back of the motion to compel.

## II. THE CLERK SHALL LODGE THE SUPPLEMENTAL COMPLAINT

The Clerk shall be directed to remove the supplemental complaint from the back of the motion to compel and re-scan it as a separate twelve-page document lodged on July 27, 2012. The lodged supplemental complaint consists of twelve pages including the complaint itself, a summons, a proposed order to show cause, two declarations, and a proof of service.

## II. SUPPLEMENTAL COMPLAINT

Under Rule 15(d), "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). However, a party may only file a supplemental complaint with leave of court. Id.

Here, Plaintiff has not requested, nor been granted, leave of court to file a supplemental complaint. Therefore, the proposed supplemental complaint, lodged on July 27, 2012, shall be stricken from the record.

## III. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The Clerk of Court is DIRECTED to detach Plaintiff's supplemental complaint from the back of the motion to compel filed on July 27, 2012, and re-scan it as a separate twelve-page document lodged on July 27, 2012 (the lodged supplemental complaint consists of twelve pages including the complaint itself, a summons, a proposed order to show cause, two declarations, and a proof of service); and

2. Plaintiff's supplemental complaint, lodged on July 27, 2012, is STRICKEN from the record.

IT IS SO ORDERED.

Dated:  **January 29, 2013**           **/s/ Gary S. Austin**
                                       UNITED STATES MAGISTRATE JUDGE