UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN GILLEN STARR,<br><br>     Plaintiff,<br><br>     vs.<br><br>CDCR,<br><br>     Defendant. | 1:11-cv-02108-AWI-GSA-PC<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED FOR FAILURE TO STATE A CLAIM<br>(Doc. 68.)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

**I.   BACKGROUND**

Robin Gillen Starr ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on December 22, 2011. (Doc. 1.) On January 23, 2013, the court dismissed the Complaint for failure to state a claim and violation of Rules 8(a) and 18(a), with leave to amend. (Doc. 57.) On April 12, 2013, Plaintiff filed an Amended Complaint, which is now before the court for screening. (Doc. 68.)

**II.  SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal 556 U.S. at 678. While factual allegations are accepted as true, legal conclusions are not. Id. The mere possibility of misconduct falls short of meeting this plausibility standard. Id. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).

### III.   SUMMARY OF AMENDED COMPLAINT

Plaintiff is presently incarcerated at the California Men's Colony East in San Luis Obispo, California. The events at issue allegedly occurred at the Sierra Conservation Center in Jamestown, California, when Plaintiff was incarcerated there. Plaintiff names as defendants the State of California, Governor Brown, Kamala Harris, M. Cate (CDCR Director), Warden Gipson, CCI Scott, Associate Warden Fields, Saltowitz (LCSW), Frank Chavez, Captain Siebert, and Warden Valenzuela.

Plaintiff alleges that on October 17, 2007, he was falsely placed under arrest for possession of narcotics. Plaintiff alleges that co-Plaintiff Donald Roots was also falsely arrested. Plaintiff seeks to bring a class action for an unlimited number of John Doe plaintiffs, based on for illegal sentences, heavy penalties, and false enhancements. Plaintiff alleges that he and all inmates at Corcoran State Prison were subject to torture and mail violations.

Plaintiff alleges that while in administrative segregation, he was deprived of his liberty for no reason. Plaintiff alleges that he went to ICC and talked to Associate Warden Fields who said to turn in paperwork for release from prison. Plaintiff claims he is being illegally imprisoned, denied due process and equal protection, and had his property stolen.

Plaintiff requests declaratory and injunctive relief, and monetary damages.

## III.     PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). "The requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actors knows or reasonably should know would cause others to inflict the constitutional injury." Johnson at 743-44).

///

Plaintiff brings a myriad of unrelated claims in the Amended Complaint, including challenges to his arrest and conviction, interference with mail, torture, deliberate indifference to unsafe conditions, harassment, and violation of due process and equal protection. The court finds Plaintiff's allegations to be vague and conclusory. Plaintiff fails to make factual allegations against any of the defendants sufficient to state any cognizable claim under §1983. Iqbal, 556 U.S. at 679; Twombly, 550 U.S. at 555.[1]

## V.    CONCLUSION AND RECOMMENDATIONS

For the reasons set forth above, the Court finds that Plaintiff fails to state any cognizable claims in the Amended Complaint upon which relief may be granted under § 1983. The Court also finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff was previously granted leave to amend the complaint, with ample guidance by the court, and Plaintiff has now filed two complaints that fail to state any cognizable claims.

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1. This action be DISMISSED in its entirety for failure to state a claim upon which relief may be granted under § 1983; and

2. This dismissal be subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Vittorio, 658 F.3d 1090, 1098 (9th Cir. 2011).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections

---

[1] Habeas relief is not available in a § 1983 action. See Wilkinson v. Dotson, 544 U.S. 74, 81-2, 125 S.Ct. 1242, 1248 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.")

within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **September 20, 2013**                           **/s/ Gary S. Austin**
                                                                            UNITED STATES MAGISTRATE JUDGE