UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ROBIN GILLEN STARR, | 1:11-cv-2108 AWI GSA (PC) |
| Plaintiff, | |
| vs. | ORDER FOR CLERK ENTER JUDGMENT AND CLOSE THE CASE |
| CDCR, | |
| Defendant. | |

Robin Gillen Starr ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

On March 12, 2014, the district court adopted the Magistrate Judge's findings and recommendations of September 20, 2013, dismissing this case in its entirety for failure to state a claim under § 1983, with prejudice. (ECF No. 93.)   Judgment was entered on March 12, 2014. (ECF No. 94.)

On May 6, 2014, Plaintiff appealed the district court's dismissal order and judgment to the Court of Appeals for the Ninth Circuit. (ECF No. 105.)

On September 4, 2015, the Ninth Circuit issued an order vacating the judgment, and affirming in part and vacating in part the district court's dismissal order, remanding the case to the district court. (ECF No. 111.)   The Ninth Circuit's mandate was issued on September 29, 2015. (ECF No. 112.)

The Ninth Circuit's order held, in relevant part:

> "To the extent that Starr seeks release from prison, or modification or commutation of his sentence, dismissal was proper because his "exclusive remedy is a writ of habeas corpus." *Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995) (per curiam); *see also Ybarra v. Reno Thunderbird Mobile Home Vill.*, 723 F.2d 675, 681-82 (9th Cir. 1984) ("If a prisoner seeks both release from confinement and damages or injunctive relief in an action under § 1983, the court may properly dismiss the former claim while retaining the latter."). However, because the district court dismissed the action with prejudice, we vacate the judgment and remand with instructions for the district court to dismiss these claims without prejudice. *See Trimble*, 49 F.3d at 586.
>
> To the extent that Starr raised due process and equal protection claims in connection with events that occurred in prison, the district court properly dismissed these claims because Starr failed to allege facts sufficient to state cognizable claims for relief. *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are to be liberally construed, a plaintiff must still present factual allegations sufficient to state a plausible claim for relief); *see also Wright v. Riveland*, 219 F.3d 905, 913 (9th Cir. 2000) (setting forth elements of a procedural due process claim); *Barren*, 152 F.3d at 1194-95 (listing elements of an equal protection claim)."

(ECF No. 111 at 3-4.)

In other words, the Ninth Circuit agreed with this Court's analysis of the merits of the case, but held that any claims that were within the purview of habeas corpus should be dismissed without prejudice. The Court will follow the Ninth Circuit's instructions.

## **ORDER**

Pursuant to the instructions of the Ninth Circuit Court of Appeals (Doc. No. 111), and the analysis of the September 20, 2013 Findings and Recommendation (Doc. No. 71), IT IS HEREBY ORDERED that:

1. This action is dismissed, based on plaintiff's failure to state a claim upon which relief may be granted under § 1983;

2. All of Plaintiff's claims seeking release from prison, or modification or commutation of his sentence, are dismissed without prejudice;

3. Plaintiff's other § 1983 claims are dismissed with prejudice;

4.   This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g).  <u>Silva v.</u> Vittorio, 658 F.3d 1090, 1098 (9th Cir. 2011); and

5.   The Clerk of Court is directed to CLOSE this case.

IT IS SO ORDERED.

Dated:   October 6, 2015

SENIOR  DISTRICT  JUDGE